Pa.iitSoN, 0 J.
The Court has had great difficulty on the question of jurisdiction. In this State the Courts of Law and and the Courts of Equity arc held by the same persons, and there is a strong tendency to disregard the distinction between questions of Law and of Equity, and to allow the jurisdiction of lihe Courts to run into each other and become confounded ; that is especially so when, as *72 in this case, both parties wish to get a speedy adjudication, and the defendants waive all objections, so as to put on the Court the duty of raising the' question a§ to jurisdiction and the burthen of deciding, it, without the aid ©f an argument on both sides. Manly vs. City of Raleigh, 4 Jones’ Eq., 370, was a case like this: both' parties wished a speedy adjudication ; the question was not raised, and passe'd sub silantio ; but that ease is now relied on to sustain the jurisdiction of a Court of Equity to determine on an injunction bill “a dry question o‘f law.” It is admitted the question could be .presented in a Court of Law by paying the tax under protest and bringing an action for money had and received ; but it is said, according to the mode of proceeding at law, every tax payer must bring a separate action, hud it is necessary that jurisdiction should be assumed in equity to prevent Iho “ multiplicity of 'suits.” That is .a head of Equity jurisdiction, under which the Court has in some special instances interfered by injunction, and as Manly vs. City of Raleigh was a bill against a municipal.Corporation j^and not against its tax óolleetor, and is a precedent directly applicable to the present bill, we have concluded 'to act upon it, and take the jurisdiction. No injury can result,.for if the operations of a Corporation are likely to be seriously impeded by having its sources of revenue stopped, it may insist on an injunction bond being- filed, and it will become the duty of the Court to require a bond large enough for full in- ' demnity, and it is apprehended that the few who file bilis for themselves and on behalf of all others in like condition,” will not be willing to bind themselves to answer the whole default for the sake of raising an equity on the ground of avoiding (! the multiplicity of suits.” We take occasion to say, in-order to £< exclude a conclusion," *73 that this decision is confined to bills against Municipal Corporations, and will not be considered an authority to sustain an injunction bill against tax collectors ofthe Confederate States, or of the State or á County. That subject involves other and far graver considerations,, which are left open, and in respect to'which we do not wish to ,be at all committed. I will suggest one or two.
1. An injunction against taix collectors, the effect of yrhich is'to stop all collections, might seriously obstruct the operations of the government; a consequence in comparison with which the notion of preventing a multiplicity of suits sinks into insignificance ; and which consequence is avoided when the taxes are paid to the collectors under-protest,-and he pays them over to the government, taking' its indemnity in respect to such actions as may be brought against him. »
2. Equity acts in personam, and enforces its orders and decrees by process of contempt. . When one having judgment at law is about to use it against conscience, a bill is not entertained against the Court of Law or the Sheriff, 'but against the party to the action; an injunction goes against him'and he is put in contempt for disobeying it; A bill cannot be entertained against the government, and it would seem it ought not to be* entertained against the officer of the government; for should he be enjoined, he cannot be “put in contempt, for he cannot obey the order of the Court unless he violates his sworn duty, and is guilty of.direct disobedience to the orders of the government of which he is an officer.
3,. A Court of Equity has no machinery and no officers by which it can'enforce its orders against an'officer of the government. For illustration : Suppose a bill to be entertained against a Sheriff and he is enjoined from the *74 eollection of taxes, the copy, subpoena and fiat are banded to him, {say by the Clerk) ; he disobeys the order. What officer has the Court by whom the Sheriff can be taken into custody and brought before it for the alleged contempt ? Who is to call out the posse comitaius ?■ I will pursue the subject no further. *
On the question presented by the bill, we have had but little difficulty. By the proper construction of the 4th section of tin;-act of May, 1864, the taxes which may be imposed upon all persons whose ordinary avocations are pursued within the corporate limits of the town, although resident beyond the corporate limits, are restricted to property owned by them in. the town, and to their persons, and subject a incident lo their persons. The only question made is in'regard to the latter, when one has a business residence in town ; which is the meaning of the description “'persons whose ordinary avocations are pursued within the corporate limits.” . Tim money he has on hand, the salary which he cams thord, the income which he receives there, whether Íí be interest on bonds, the debtors residing elsewhere, or dividends on stock in a factory situate out of town, or in steamboat company, arc subjects incident to bis person ; and in respect to the particulars enumerated by the thieo gentlemen who filed this bill, we do not see that the .Commissioner's have exceeded the power given them by the act. We understand the 1£ riding vehicle ” to mean the buggy used to corno into town every morning and go out every‘night, and consider it adjunct to their town residence, and incident to its enjoyment. In respect to the other gentlemen, in behalf of whom the bill is filed, the allegations are not sufficiently distinct to enable us to express an opinion..'
*75 Tbe question, then, is narrowed to tliis : Had the Legislature power to authorize the Mayor and Commissioners to impose such.a tax on persons who transact •their business and live in town during the day, and live in the country during the night?
It was earnestly .contended by Mr. Moore, that the Legislature has no power to authorize the imposition of such a tax upon strangers who may occasionally visit the town. That question is .rot presented by the case ;• for although the act refers to tK-sc gentlemen as persons resident beyond the corporate limite,.in contradistinction to persons resident within the corporate limits, it-also refers to them as persons whose ordinary a.vocaiious are pursued .ivil-Mn tlie, corporate lirniái, and the facts being Mated at large, the question of residence ic left open to Iso governed by the application of principle.; &’ law whoieby those gentlemen aro put on very diiieront footing from _ mere strangers. They have two rc.d deuces, •* business residence in town and a domestic residence in its vicinity, and may be called amphilnoi: - citizens, who enjoy the conveniences and comforts c? their double residence. They have the benefit of a town ror.idehce ¡or the transaction of business, tire advantages of town society for themselves and families, of attending church, sending their children to. school, &c., and the. benefit of a country residence1 for1 cheapness, healthfulnoss, and' the pleasure of country life. They live in toien nearly if not quite half of the .twenty-four hours of every day in the year, and must he considered in part, residents of the town. Taking; that to he so, there can be no reason on general principles, why they should not contribute to the expenses of the town, excluding their country residence and property, out of town, (which , pay no town tax) on the same ground that every man *76 contributes to the expenses ©f the community in which he lives. The provision which confers on these' amphibious ■ citizens the right to vote at municipal elections, meets the objection which might otherwise have been made on the footing of the time-honored maxim, “ representation and taxation should go together/’
The case of Manly vs. City of Raleigh, cited on the question of jurisdiction, is an authority in support of the power of the Legislature. It is there held that the Legislature has.power to extend the limits of an. incorporated town, without the consent of tjie persons included by the extension. _ In a general view the act under consideration does in effect the same thing. These gentlemen and their' country residences might have been included by extending the limits of the town, whereby all would have become liable to a town tax. _ The greater includes the less. Perhaps the object has been answered by mahrag them to some purposes citizens of the town, without. the inconvenience of extending its-territorial limits. That, however, is not a question of power, but of.expediency, with which as a Court we have no concern.
The bill is dismissed!